IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WOODSON R. HART,

    Plaintiff,

v.

KENNETH B. HODGES, et al.,

    Defendants.

1:05-cv-30 (WLS)

## ORDER

Presently pending before the Court are Defendant's Motion for More Definite Statement (Doc. No. 3) and Defendant's Motion to Strike. (Doc. No. 10). For the reasons discussed below, Defendant's Motion for More Definite Statement (Doc. No. 3) is **GRANTED** and Defendant's Motion to Strike (Doc. No. 10) is **GRANTED.**

**I    DISCUSSION**

    **A.    Motion for More Definite Statement**

Under FED. R. CIV. P. 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The burden is on the movant to demonstrate that the complaint is so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them. Aventura Cable Corporation v. Rifkin / Narragansett South Florida CATV Limited Partnership, 941 F.Supp. 1189 (S.D.Fla.1996). In general, motions for a more definite statement are disfavored under the liberal notice pleading approach under FED. R. CIV. P. 8. Id. A motion for a more definite

1

statement will be denied where Plaintiff's complaint gives the Defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved and Plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a). Perkins v. School Bd. of Pinellas County, Fla., 152 F.R.D. 227 (M.D. Fla. 1993). Accordingly, the Court has stated that FED. R. CIV. P. 12(e) is designed to remedy unintelligibility in a pleading, not merely a claimed lack of detail. Aventura, 941 F.Supp. at 1195. *See also* Hamilton v. Allen-Bradley Co., 217 F.3d 1321 (11th Cir. 2000)("Detail is not the bedrock on which a proper complaint stands").

The United States Supreme Court eliminated the heightened pleading requirement for civil rights cases filed under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). To require a plaintiff to plead facts, which absent discovery are as of yet unknown, would be in contravention to the Court's liberal notice pleading under Fed. R. Civ. P. 8. Accordingly, a motion for a more definite statement also may not be used as a substitute for discovery. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).[1]

Plaintiff Woodson R. Hart is proceeding *pro se* and has filed a 49-page complaint which Defendants have characterized as a "shotgun pleading." (Doc. No. 3, p. 4). In response to Defendants' Motion for More Definite Statement, *pro se* Plaintiff is in agreement that he should file a short and plain statement which gives Defendants fair notice of his claims and the grounds upon which those claims rest. (Doc. Nos. 8, 11).[2] As *pro se* Plaintiff does not object to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] The Court notes that *pro se* Plaintiff's response was captioned "Plaintiff's Response in Assent to Defendants' Motion for More Definite Statement" (Doc. No. 8) and filed

2

refiling his complaint in accordance with the Federal Rules of Civil Procedure, Defendant's Motion for More Definite Statement (Doc. No. 3) is **GRANTED**. The Court **ORDERS** *pro se* Plaintiff to refile a short and plain statement of claims alleged showing entitlement to relief **not later than ten (10) days from entry of this Order.**

**B.     Motion to Strike**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Unless a substantial reason exists to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Motorcity of Jacksonville, Ltd. V. Southeast Bank N.A., 83 F.3d 1317, 1323 (11th Cir. 1996) (quoting Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)), *vacated sub nom.* Hess v. FDIC, 519 U.S. 1087, 117 S.Ct. 760, 136 L.Ed.2d 708, *reinstated* 120 F.3d 1140 (11th Cir. 1997). Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by allowance of the amendment [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 230, 9 L.E.2d 222 (1962). Should a district court decide to exercise its' discretion and deny the motion to amend, the decision will not be disturbed on appeal absent a showing that the court abused its discretion. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994).

Pro se Plaintiff filed his amendment as of right to his original complaint on March 17, 2005. *Pro se* Plaintiff did not seek leave of court to file his second amended complaint on April 27, 2005. *Pro se* Plaintiff also did not receive written consent from Defendants to amend

---

contemporaneously with *pro se* Plaintiff's 94-page Second Amended Complaint. (Doc. No. 9).

his complaint for a second time pursuant to FED. R. CIV. P. 15(a). Having already filed an amended complaint, *pro se* Plaintiff cannot refile another in anticipation of this Court's decision on Defendant's Motion for More Definite Statement pursuant to FED. R. CIV. P. 12(e).[3] Therefore, Defendant's Motion to Strike (Doc. No. 10) is **GRANTED**.

### III. CONCLUSION

Defendant's Motion for More Definite Statement (Doc. No. 3) should be, and hereby is, **GRANTED.** The Court **ORDERS** *pro se* Plaintiff to refile a short and plain statement of claims alleged showing entitlement to relief **not later than ten (10) days from entry of this Order.**

Defendant's Motion to Strike (Doc. No. 10) should be, and hereby is, **GRANTED**.

**SO ORDERED**, this  8th  day of July, 2005.

          /s/W. Louis Sands
          **W. LOUIS SANDS, CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**

---

[3] In consideration of FED. R. CIV. P. 12(e), the Court has ordered *pro se* Plaintiff to file a short and plain statement. Any amendment filed prior to this Court's order by Plaintiff which was not as of right was not filed in accordance with FED. R. CIV. P. 15(a).