# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

WOODSON R. HART,          )
                                     )

        Plaintiff,         )

                                     )     CIVIL ACTION
     v.                   )     FILE NO. 1:05-CV-30-WLS

                                     )

KENNETH B. HODGES, III, et. al.,    )

                                     )

        Defendants.     )

## REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

In his response, Plaintiff reargues issues already decided by the Eleventh Circuit, intertwines the Fourteenth Amendment and the Fourth Amendment, fails to respond to several legal arguments,[1] and misapplies Circuit law.   As has been shown, Defendants are entitled to judgment on the pleadings.

### I.    STANDARD OF REVIEW

Plaintiff has stated an incorrect pleading standard.  The Supreme Court has unequivocally stated that a complaint must contain "sufficient ***factual*** matter to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1948, 1950 (2009) (emphasis added) (citations omitted).   In

---

[1] Plaintiff did not discuss the inapplicability of the Fifth Amendment to his claims and the failure to state a claim for conspiracy under § 1985.  As a result, Defendants make no reply.

addition, in this Circuit there is a heightened pleading standard in cases against individuals who assert qualified immunity.  Dalyrmple v. Reno, 334 F.3d 991, 996-97 (11th Cir. 2003).    As has been explained, Leatherman v. Tarrant Co., 507 U.S. 163 (1993) applies to civil rights cases alleging *municipal liability*, but heightened pleading is required where the defendants are *individuals* who may seek qualified immunity.  Amnesty Int'l v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009) (emphasis added).

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

## A.    IMPROPER ATTEMPTS TO RELITIGATE DECIDED ISSUES

The Eleventh Circuit held that absolute prosecutorial immunity applies to ***all*** of the federal claims against Kenneth B. Hodges ("Hodges") except the claim arising out of the alleged media statements. Hart v. Hodges, 587 F.3d 1288, 1297-99 (11th Cir. 2009).   This is the mandate of this Court.  Plaintiff acknowledges that the mandate is the law of the case but then ignores it, and encourages this Court to do the same under the guise of judicial economy.  When acting under a mandate, however, a district court:

> . . . cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007) (*quoting* United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996)).

The mandate cannot be disregarded and to do so would perpetuate the litigation of issues that have been authoritatively decided by the Court of Appeals.

## B.    NO CONSTITUTIONAL VIOLATION

The *only* claims at issue include a claim against Hodges premised upon the alleged media statements and claims against William Amideo ("Amideo") and Frederick Head ("Head") premised upon the post-conviction detention.

### 1.    Fourth Amendment vs. Fourteenth Amendment

Defendants have discussed in detail why claims arising out of post-conviction detainers are analyzed under the Fourteenth Amendment, not the Fourth Amendment.  Plaintiff does not argue to the contrary.  Instead, he assumes that both Amendments apply, commingles the distinct standards applicable to these separate constitutional provisions, and concludes that he was deprived of a liberty interest protected by the Fourteenth Amendment because he was arrested without probable cause in violation of the Fourth Amendment.  His analysis is flawed.

In this case, Plaintiff complains of a detainer that occurred after arrest, conviction, sentencing, and imprisonment.  Such a claim is analyzed under the Fourteenth Amendment.  *See* Baker v. McCollan, 443 U.S. 137, 142 (1979). Ellard v. Ala. Bd. of Pardons and Paroles, 824 F.2d 937, 945 (11th Cir. 1987); Boutwell v. Nagle, 861 F.2d 1530, 1531-32 (11th Cir. 1988); Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993); West v. Tillman, 496 F.3d 1321, 1327

(11th Cir. 2007). Plaintiff has cited to no legal authority that holds, or even suggests, that the Fourth Amendment is implicated in such circumstances. That Amendment and its probable cause standard have no application here.

### 2.    No Fourteenth Amendment Violation

As it relates to the Fourteenth Amendment, Amideo and Head are entitled to judgment for two reasons: 1) the detention does not rise to the level of a denial of liberty, and 2) they did not act with deliberate indifference.

Plaintiff has not cited to any case finding a denial of liberty premised upon a post-conviction detention of 36 ½ hours, and his attempt to distinguish Baker is unpersuasive. Contrary to his suggestion, the Court in Baker did not rest its decision on the lack of time "to discover the truth," nor did it conclude that the length of incarceration is relevant only when there is "no prior notice of the liberty interest." Instead, the decision that there was no denial of a liberty interest was premised upon the relatively short period of detention – a period comparable to the one at issue here. *See* Baker, 443 U.S. at 142.

Furthermore, deliberate indifference cannot be shown from the purported "intentional disregard" of judicial orders. Plaintiff declares that the Clarified Order was not void and then claims that it gave him a vested liberty interest which entitled him to release. (Doc. 70, pp. 15, 16, 18, 22). Plaintiff is simply wrong.

The sentencing portion of the Clarified Order *was* found to be void (and not merely voidable), as expressly noted by the Eleventh Circuit:

> [t]he Court of Appeals determined that the state trial court's **second state sentence** – stating that Hart would serve no additional time in a state prison after his federal release – **was void** because it was for an indeterminate period of time, in violation of Georgia law. [Cits.] The Court of Appeals vacated that second state sentence and remanded for re-sentencing. [Cits.] Because the Georgia DOC's detainer was based on a void sentence, the Georgia Court of Appeals affirmed the portion of the state trial court's sentencing order removing the detainer. [Cits.]

Hart, 587 F.3d at 1293 (*citing* State v. Hart, 263 Ga. App. 8, 9, 587 S.E.2d 166, 164 (2003) (emphasis added)).

The Eleventh Circuit's (correct) interpretation of the Georgia Court of Appeals decision is essential to its decision and is, therefore, the law of the case. The portion of the Clarified Order upon which Plaintiff bases his claimed entitlement to release *was* determined to be void, and thus there was no reason that Amideo "should have known" that Plaintiff was entitled to release. Furthermore, to be deliberately indifferent, Amideo must have known facts showing that Plaintiff's incarceration was unlawful, and then disregarded that knowledge. Plaintiff has alleged no facts to make this showing.

There are also no facts to establish Amideo's involvement in a conspiracy. A complaint must allege sufficient facts "to suggest that an agreement was made." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In this case, Plaintiff asserts that the allegations infer communication between Hodges and Amideo, and

then equates communication with conspiracy. (Doc. 70, p. 13). But cooperating with Amideo's employer does not infer that Hodges and Amideo themselves communicated, let alone that they entered into an agreement to violate Plaintiff's constitutional rights. Plaintiff has failed to allege sufficient facts to suggest that any agreement was made. *See* Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) ("attenuated chain of conspiracy" fails to reach plausibility).

As to Head, receiving the order granting bond does not show wrongful conduct. The mere granting of bond does not entitle a prisoner to release -- the terms of the bond must also be satisfied. Plaintiff concedes that he did not satisfy the terms of the bond.[2] Furthermore, Plaintiff does not allege when, or if, Head became aware of the order faxed to the prison by the Georgia Court of Appeals. Finally, Head has no obligation to assert additional facts in order to show that the facts Plaintiff has alleged are insufficient to impose liability.

### 3.    Hodges Alleged Statement to the Media

As noted above, post-conviction detainers are analyzed under the Fourteenth Amendment, and thus Plaintiff's "seizure" analysis is inapplicable. Plaintiff does not cite to any case that holds otherwise. Moreover, factually, Plaintiff's attempt

---

[2] Plaintiff argues that the bond order entitled him to immediate release, but concedes that he failed to satisfy the conditions of the bond. He suggests that he was excused from doing so because the order could not be filed in clerk's office. He does not, however, cite to any authority to suggest that a judge's order lacks validity until filing the order in the record, and the law suggests the opposite. *See* Roland v. Phillips, 19 F.3d 552, 557 (11th Cir. 1994) (recognizing the validity of ***verbal*** orders).

to show that he was compelled to surrender based upon Hodges' alleged media statement rings hollow, given he was granted bond *after* the alleged media statements were made.

## C.    QUALIFIED IMMUNITY

### 1.    Defendants Were Acting Within Their Discretionary Authority

Plaintiff argues that Defendants did not have the authority to "seize a person" or "continue holding a person in prison" in contravention of a court order, and thus were not acting within their discretionary authority.  In doing so, he places the focus of the analysis on the unlawfulness of the alleged act.  This is improper.

When considering discretionary authority, the actions are considered at the minimum level of generality necessary to remove the constitutional taint. Holloman v. Harland, 370 F.3d 1252, 1266 (11th Cir. 2004).  For example, it is not the use of alleged excessive force during an arrest that matters, but whether making arrests was within the officer's duties.  Id.

Plaintiff's response notwithstanding, there can be no doubt that Defendants were, and have shown, that they were acting within their discretionary functions at the time of the alleged acts.   As to Hodges, the question is whether a prosecutor's duties include making statements to the press regarding criminal matters.  The Supreme Court has answered in the affirmative.  Buckley v. Fitzsimmons, 509 U.S.

259, 278 (1993) (statements to the press are an integral part of a prosecutor's job and are entitled to qualified immunity).  As to Amideo, the question is whether the duties of general counsel include assisting the Georgia DOC in taking custody of prisoners.  The Eleventh Circuit has answered in the affirmative.  <u>Hart</u>, 587 F.3d at 1299 (Amideo's roles included "the Georgia DOC's executive function of taking custody of a prisoner," and acting as "legal advisor to the Georgia DOC, which manages the Georgia prison system").  As to Head, the question is whether the duties of warden include assisting the Georgia DOC in taking and maintaining custody of prisoners.  The Eleventh Circuit has also answered in the affirmative. <u>Id.</u> (Head's "role as chief jailer of the Georgia prison where Hart was incarcerated" includes "Georgia DOC's executive function of taking custody of a prisoner").

Defendants were performing their discretionary functions at the time of the alleged conduct and the burden shifted to Plaintiff to show that the law was clearly established.  This he failed to do.

### 2.    No Clearly Established Law Was Violated

A plaintiff cannot meet his obligation of showing that the law is clearly established by citation to general rules or abstract rights.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987).  While factual identity with a previously decided case is not required, the conduct must have been clearly unlawful in light of pre-existing law.  <u>Jackson v. Sauls</u>, 206 F.3d 1156, 1165 (11th Cir. 2000) (officer's awareness

of right to be free of excessive force does not equate to knowledge that the particular conduct at issue infringes that right).

In arguing against qualified immunity, Plaintiff again refers to the Fourth Amendment, but he does not cite to any authority that would have put any Defendant on notice that the Fourth Amendment's probable cause standard applies in cases of a post-conviction detention.[3]  And, given the authorities cited by Defendants, (Baker, 443 U.S. at 142; Ellard, 824 F.2d at 945; Boutwell, 861 F.2d at 1531-32; Cannon, 1 F.3d at 1563; West, 496 F.3d at 1327), it was reasonable for officials in Defendants' positions to conclude that the Fourth Amendment *did not* apply.

As it relates to the Fourteenth Amendment,  Plaintiff's citation to the text of the Constitution and to general rules regarding the deprivation of liberty, without pointing to any pertinent case that defines the contours of the right in the context of similar facts and circumstances –  *i.e*., a post conviction detention in alleged contravention of a void order, a nonspecific media statement that is not defamatory, and the continued detention of a prisoner when the terms of a bond order have not been satisfied – fails to show that the law was clearly established.

---

[3] Herren v. Boyer, 850 F.2d 1543 (11th Cir. 1988) involved the warrantless arrest of a citizen who went to the police station to make a complaint; Long v. Slaton, 508 F.3d 576 (11th Cir. 2007) and Smith v. Mattox, 127 F.3d 1416 (11th  Cir. 1997) are use of force cases; and U.S. v. Opager, 589 F.2d 799 (5th Cir. 1979) involved the Sixth Amendment right to information during a criminal case.
.

Defendants, however, have cited to legal authority suggesting that the conduct at issue was not unconstitutional. *See e.g*., <u>Baker</u>, 443 U.S. at 141; <u>Cannon</u>, 1 F.3d at 1561; <u>Youngblood</u>, 224 Fed. Appx. at 914. What is more, the facts show that Defendants' beliefs were not unreasonable. As noted by the sentencing judge, the circumstances brought on a "legitimate disagreement."

Plaintiff has failed to point to any controlling authority that could have put Defendants on notice that their alleged conduct would violate Plaintiff's constitutional rights. Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening brief, Defendants' renewed motion for judgment on the pleadings should be granted.

Respectfully submitted the 10th day of May, 2010.

| | | |
|---|---|---|
| THURBERT E. BAKER | 033887 | DEVON ORLAND          554301 |
| Attorney General | | Senior Assistant Attorney General |
| | | |
| KATHLEEN M. PACIOUS | 558555 | <u>/s/ Michelle J. Hirsch</u> |
| Deputy Attorney General | | Assistant Attorney General |
| | | Georgia Bar Number 357198 |

40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
PH:  (404) 463-8850
FAX:  (404) 651-5304

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2010, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mark S. Redden
811 N. Van Buren St.
Albany, GA  31702-2121

/s/ Michelle J. Hirsch_____
Assistant Attorney General
Georgia Bar No. 357198

40 Capitol Square, S.W.
Atlanta, GA 30334-1300
PH: (404) 463-8850
FAX: (404) 651-5304
mhirsch@law.ga.gov